UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY P. PFANNER, *et al.*, ) | |
|     *Plaintiffs*, ) | |
| ) | |
| *vs.* ) | 1:13-cv-1545-JMS-TAB |
| ) | |
| GOOD NEIGHBOR INSURANCE, INC., *et al.*, ) | |
|     *Defendants.* ) | |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

This case has been transferred to the Southern District of Indiana from the Western District of Texas. [Dkts. 42; 44.] The Court has reviewed the docket and, for the following reasons, cannot confirm if it can exercise diversity jurisdiction over this matter, which is the basis for subject matter jurisdiction alleged in the operative complaint. [Dkt. 24.]

Plaintiffs' Amended Complaint asserts that the Court can exercise diversity jurisdiction over this matter and pleads what it believes to be the citizenship of each party. [*Id.* at 1-2.] Plaintiffs also assert that the amount in controversy "without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332." [*Id.* at 3 ¶ 5.]

Two of the three defendants have answered the Amended Complaint, [dkts. 29; 30], but their Answers either outright deny certain jurisdictional allegations, [*see, e.g.*, dkts. 29 at 1 ¶ 1 (denying that Plaintiffs were citizens of Texas at times material to this lawsuit); 30 at 1 ¶ 1 (same)], or assert that they "presently lack[] knowledge or information sufficient to admit or deny the material allegations," [*see, e.g.*, dkt. 29 at 2 ¶ 2; 30 at 2 ¶ 2]. Outright denials of jurisdictional allegations or answers based on a lack information are insufficient for the Court to confirm

that it has diversity jurisdiction.[1]  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Additionally, Plaintiffs allege that Defendant Sirius International Insurance Corporation ("Sirius") is "a corporation, organized under the laws of Sweden, has a principle place of business in Stockholm and is a citizen of Sweden." [Dkt. 24 at 2 ¶ 3.]  While the defendants that have answered admit that Sirius is "Swedish corporation," [dkts. 29 at 2 ¶ 3; 30 at 2 ¶ 3], their answers say nothing about Sirius' asserted foreign citizenship.  Moreover, the parties have not confirmed which American business form a Swedish corporation most closely resembles.  *See Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 2013 WL 1767964 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl Invesiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)).  Therefore, the Court is not convinced that the parties have adequately investigated Sirius' citizenship.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

---

[1] Curiously, despite denying certain jurisdictional allegations or admitting that they do not have sufficient information to answer, these defendants "admit" that the Court has subject matter jurisdiction. [Dkts. 29 at 2 ¶ 5; 30 at 2 ¶ 5.] The Court cannot rely on this admission, given that it directly contradicts other assertions by those parties.

For these reasons, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a <u>joint jurisdictional statement</u> by <u>October 9, 2013</u>, specifically setting forth the citizenship of each party and whether the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.  Conclusory allegations will be insufficient.  *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002) ("To determine the citizenship [of an unincorporated entity] we need to know the name and citizenship(s) of its general and limited partners.").  The parties should file competing jurisdictional statements by that date if they cannot agree on the contents of a joint statement.

The Court is aware that Defendant Good Neighbor Insurance, Inc. ("<u>Good Neighbor</u>") has not yet answered Plaintiffs' Amended Complaint because its deadline to do so was extended by the Texas court to October 1, 2013.  [Dkt. 36.]  The Court extends Good Neighbor's time to answer the Plaintiff's Amended Complaint until <u>October 9, 2013</u>, so that it can fully participate in the parties' jurisdictional discussions and file an answer consistent with the jurisdictional statement filed on that date.

09/27/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail**:

Jeffrey E. Farrell
Martin Disiere Jefferson & Wisdom
Las Cimas IV
Suite 425
Austin, TX 78746

- 4 -

Derrel J. Luce
Law Offices of Derrel Luce
4600 Bosque Blvd., # 2B
Waco, TX 76710-4606

Christopher W. Martin
Martin Disiere Jefferson & Wisdom, L.L.P.
900 S. Capital ofTexas Hwy - Ste 425
Houston, TX 78746

Dana L. Minissale
Gerstle, Minissale & Snelson, L.L.P.
5005 Greenville Ave.
Suite 200
Dallas, TX 75206

Paul Wayne Pickering
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, 20th Flor
Houston, TX 77002